**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Civil Case Number:** _____

Nikki Ham,

                Plaintiff,

vs.

Hunter Warfield, Inc.,

                Defendant.

**COMPLAINT**

For this Complaint, the Plaintiff, Nikki Ham, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Nikki Ham ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Hunter Warfield, Inc. ("HWI"), is a Maryland business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to HWI for collection, or HWI was employed by the Creditor to collect the Debt.

9. HWI attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. HWI Engaged in Harassment and Abusive Tactics

10. On or about September 9, 2019, HWI called Plaintiff in an attempt to collect the Debt.

11. HWI asked Plaintiff to verify it was speaking with the correct person.

12. Plaintiff informed HWI she did not have an issue providing them with her information but needed to know what company she was speaking with before she would give any personal information.

13. HWI spoke to Plaintiff in an aggressive and abusive manner stating "you're the one that owes money so you don't have the right to question me… you need to be locked away because you're a fraud and a lowlife who does not pay debts".

14. HWI's actions caused Plaintiff a great deal of stress, anxiety, frustration, and humiliation.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the Plaintiff.

20. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

26. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

27. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

28. The Defendant used profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(8).

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 29, 2020

Respectfully submitted,

By   */s/ Matthew Fornaro*

Matthew Fornaro, Esq.
Florida Bar No. 0650641
Matthew Fornaro, P.A.
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (954) 324-3651
Facsimile: (954) 248-2099
E-mail: mfornaro@fornarolegal.com

Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424